## Judge et al. v. Lang

*Edwin J. McDermott*, for plaintiffs.
*Axelroth & Porteous*, for defendant.

ALESSANDRONI, J., February 20, 1942.—This is a petition to sever the right of action of plaintiff James Judge so that he may be joined as an additional defendant. James Judge was the driver of an automobile in which the other plaintiffs were passengers and which was involved in a right-angle collision with defendant's automobile on August 4, 1941, at Fifty-second Street and Woodland Avenue, Philadelphia. The petition al-

leges that the negligence of plaintiff James Judge caused or contributed to the accident and that he is solely or jointly liable with defendant. Under Pa. R. C. P. 2252, a defendant may not join as an additional defendant any person who is already a party to the action.

Since the adoption of the Pennsylvania Permissive Joinder of Plaintiffs Statute of June 25, 1937, P. L. 2072, 12 PS §159.1, which was suspended absolutely by Pa. R. C. P. 2250, effective February 3, 1941, but substantially reënacted by rule 2229, it has been common for both the driver and the guests to join as plaintiffs in one action. It has not been possible since the adoption of rule 2252 for defendant to join the driver plaintiff as an additional defendant. The note of the Procedural Rules Committee to that rule discloses that the joinder as an additional defendant of a plaintiff under such circumstances had formerly been permitted under the Scire Facias Act of April 10, 1929, P. L. 479, 12 PS §141, in some decisions and refused in others. See Gannon et al. v. Savar et al., 33 D. & C. 499; contra, Karcher et ux. v. Downes, 31 D. & C. 386. The committee stated that the desirability of such a joinder was to be considered subsequently when the rules governing counterclaims and cross-action proceedings are adopted. Although this note is not properly a part of the rule as promulgated by the Supreme Court, nevertheless it calls attention to the effect of the rule, which was adopted by the court without change.

While it is apparent that the claims of the guest plaintiffs and the driver plaintiff are of separate character and defendant should be able in some manner to assert that the driver plaintiff is alone liable or jointly and severally liable for the cause of action upon which the guest plaintiff declares, it is equally apparent that the assertion of such claims by defendant cannot be made by joining the driver plaintiff as an additional defendant under rule 2252. Difficulty is also encoun-

tered upon examination of rule 213 (*a*) and (*b*) which provides for combination and separation of actions. Rule 213 (*b*), however, only permits the ordering of separate trials and does not authorize the severance of an action into several actions. See Goodrich-Amram Civil Practice, rule 213 (b) -1, cf. section 2 of the Act of 1937, supra.

It would seem that even under the Act of 1937 the court is not authorized to enter an order of severance. That act only permits the entry of an expedient and proper order when the joinder of plaintiffs complicates, prejudices, or delays the trial of an action. The prejudice to defendant which results from his inability to join a plaintiff as an additional defendant does not complicate, prejudice, or delay the trial of an action.

It is little wonder, therefore, that the decisions of the lower courts which have considered this question are in conflict. In Freeman et ux. v. MacDonald et ux., 42 D. & C. 158, it was held that rule 213 only authorizes separate trials and not a severance of action and that the court does not have independent power to enter an order of severance. In Stokes et al. v. Giarraputo & Son (No. 1), 42 D. & C. 161, it was held that the entry of an order of severance is within the discretion of the court. In Raney et al. v. Zimmerman, 42 D. & C. 716, the court held that it is improper to join a coplaintiff as an additional defendant, but stated that the defendant should file a petition to sever such coplaintiff and if the petition were allowed he could then join the severed coplaintiff as an additional defendant nunc pro tunc. In Williams v. Laurel Line Taxicab Co. et al., 43 D. & C. 165, a severance was denied because defendant had delayed filing the petition so that the action would have to be continued until the next term of court.

Rule 2231 (*d*) provides that the joinder of parties shall not deprive any party of a procedural right which he would enjoy in the absence of such a joinder. We believe that, since the permissive joinder is merely a con-

venience and the causes of action still retain their separate character, the court possesses an inherent power to direct the severance of actions and should exercise that power. See Goodrich-Amram Civil Practice, annotation to section 2231 ($d$)-1.

When this matter is considered by the Procedural Rules Committee in formulating rules for cross-claim actions, it would seem desirable to terminate for all times the procedural difficulties which have been experienced. It might be suggested that a rule be so formulated that all rights and liabilities of all parties arising out of the same transaction or occurrence be determined in one action to which all of them are parties. It might be well to borrow from the procedure in equity and bring all parties on the record without regard to technical obstacles.

### Order

And now, to wit, February 20, 1942, the petition of defendant, Gabe Lang, is granted and the action of James Judge, a minor, by Delia Judge, his guardian, and Delia Judge in her own right, is severed from that of the remaining plaintiffs.